## THE TROY AND LANSINGBURGH RAILROAD COMPANY, PLAINTIFF, *v.* PATRICK KANE, DEFENDANT.

*Charter of city of Troy — chap. 129 of 1872 — Assessment for local improvements — may be imposed upon railroad track.*

Under the provisions of the Troy charter, chap. 129 of 1872, authorizing an assessment of the expense of making certain local improvements, upon the property benefited, providing that such assessment shall be a lien upon the real estate named and described in the report of the commissioners and authorizing the sale of the real estate so assessed, the expense of constructing a sewer in one of the streets of the said city may be assessed upon the track, sleepers and rails of a railroad company, which are laid in such street. (LEARNED, P. J., dissenting.)[*]

APPLICATION for judgment on the part of the defendant, upon a verdict directed to be entered in his favor, subject to the opinion of the court at General Term.

The chamberlain of the city of Troy issued his warrant to the defendant, a constable, directing the collection of an assessment made against the plaintiff for the construction of a sewer in said city. Under such warrant the defendant levied upon a span of horses belonging to the plaintiff, whereupon the latter replevied the property. The defendant justified his action under the assessment proceedings and warrant.

The assessment was made in pursuance of title 4 of chapter 129

[*] See *N. Y. and H. R. R. Co.* v. *Morrisania* (7 Hun, 652). — [REP.

of 1872. Section 16 directs that the expense of improvements ordered by the common council, except for the opening and widening of streets, shall "be apportioned and charged upon the property and persons and corporations benefited thereby, by the comptroller, city engineer, and city superintendent, who, by virtue of their office, shall be the local assessors of said city, who shall make a list of the said apportionment, stating the name of the person or corporation owning the property chargeable with the expense of said improvement, if the name of the person shall be known to the said assessors or either of them ; if not known to them, then to owners unknown, a description of the property and the amount chargeable to it, which list, when the improvement shall cost a sum exceeding $100, shall be accompanied by a map or diagram of all the property intended to be benefited by such improvement, etc." Section 17 provides that upon giving the notice required by the act, "the persons and property chargeable with the said improvements shall be subject to the payment of the respective amounts named in said final report, and thereupon the said assessment shall be a lien upon the real estate named and described in said report." Section 18 provides that, "if any person or corporation shall neglect to make such payment * * * of any assessment or apportionment against the property named in any report of assessment * * * it shall be extended on a separate column in the city tax rolls, and the same shall be collected by the chamberlain and enforced in all respects, as provided by law for the collection of the city taxes. Section 13 of title 5 requires the chamberlain to publish on or before the first day of May in each year "a list or statement of the real estate on which the city taxes and assessments remain unpaid, giving a true description of the lot or lots as described in the tax rolls, with such tax and assessment carried out in separate columns," and providing for the sale of "such real estate" for the lowest term of years, at which any bidder will take the same and pay the amount due thereon.

*E. Cowen*, for the plaintiff.

*R. A. Parmenter*, for the defendant.

BOOKES, J.:

According to the evidence, and under the admissions made on the trial, the learned judge, before whom the case was tried, was right in sustaining the defense, in case the officers on whom devolved the duty of making the assessment, had jurisdiction or authority in law for their action in this case. It is insisted on the part of the plaintiff that the provisions of law under which the municipal authorities took action, and on which the defendant here relies for his justification, have no application to the plaintiff or its property. The validity of the law, when applied to a subject within its purview, is not questioned; that is, it is not disputed but that the municipal authorities have the right, under the provisions of the city charter, to make local improvements, as to construct sewers, and to charge the expense of their construction upon the property, persons and corporations benefited thereby. This authority is admitted, nor is it disputed that the plaintiff and its property are subject to general taxation. This was settled by the decision in *The People ex rel.* v. *Cassidy* (46 N. Y., 46). And it was settled also in the case cited, that the property of the railroad company was real property and taxable as such This case settles the point that the use of the rail for the support of the track, consisting of stringers, ties and rails affixed to the land, to the extent and as given by the company's charter was an easement, an interest in land recognized in law as real property. Now, it was undoubtedly on real estate that the expenses incident to local improvements were to be assessed under the provisions of the city charter, for those expenses were to be borne, in fair construction of the various provisions of the city charter, by the property " benefited thereby," consequently personal property could not have been in contemplation. But the plaintiff's property was real property. Now, if it could be benefited by the local improvement ordered by the common council, it was, within the purview of the law, assessable therefor, and the officers on whom devolved the duty of making the assessment had jurisdiction to include it, in making the apportionment to cover the expense. It does not lie with this court to say that the plaintiff's property could not, by possibility, be benefited by the improvement. A sewer is useful in many ways, and may benefit the land through or along which it is conducted. It is

useful as a conduit for impurities, hence beneficial in a sanitary point of view; and it may also be greatly beneficial for the ready discharge of surface water. To meet the objection of the want of jurisdiction in this case, it is sufficient that the plaintiff's real property could be benefited by the improvement. Whether it was benefited by it, and to what extent, compared with the surrounding or adjacent property, were subjects of consideration devolving upon the officers designated by law to determine those questions.

Again, it is urged that the system of taxation or assessment for local improvements provided by the city charter, cannot be made practicable when applied to the plaintiff's property; that the system contemplates a special designation of the property benefited, makes the assessment a lien thereon, and provides for a sale of the property to satisfy the lien. Why may not this part of the system be carried out in the way provided? The line of road immediately and directly benefited by the improvement might be readily and plainly designated, and it might be sold. What the purchaser would obtain by the purchase is not the question. The purpose of these provisions is to coerce payment of the assessment from the party who should pay it. It does not lie with such party to say that the assessment is invalid, because one of the modes provided by law for its enforcement will be unproductive in its results; and, indeed, whether or not it will be unproductive depends on his own willingness or unwillingness to forego the use and enjoyment of the property, which would pass from him under the sale. But if this mode of enforcing payment of the assessment be held applicable *only* to those cases where the "lot or lots" of land assessed may be particularly designated by metes and bounds, or by other definite description, then even, the assessment upon the plaintiff's property would be subject to enforcement in the way provided by law, and adopted in this case. There is nothing in the city charter which limits the collection of the assessment to the property assessed. The assessment was laid according to law, and the chamberlain was authorized to issue his warrant for its collection. The property taken was liable to seizure and sale thereunder. Thus it seems that the defendant was justified in his action; and the court was right in directing a verdict for the defendant.

Judgment must be ordered for the defendant on the verdict.

BOARDMAN, J., concurred.

LEARNED, P. J. (dissenting):

I understand that it is conceded for the purposes of this action that the property assessed consists of the sleepers, ties and rails, and whatever interest plaintiffs have under the laws of the State and the ordinances of Troy. No question was made on the argument, as to the failure to describe any property in the assessment list.

If the case of the *People* v. *Cassidy* (46 N. Y., 46) applies, then the defendant is entitled to judgment; that case holds that rights and property, similar to those of the plaintiff, are "lands" under the general tax laws of the State, and under the meaning therein given to that word.

Title 4, section 16, Troy charter (Laws 1872, chap. 129) says that the expenses shall be charged "on the property benefited," that there shall be a map or diagram of the property benefited; section 17, that the assessments "shall be a lien on the real estate named and described in said report; section 18, in connection with title 5, section 12, provides for the sale of real estate assessed.

Now the theory of assessment is that the improvement pecuniarily benefits the property assessed; and it seems to me that such benefit can only be predicated of land in its ordinary meaning, not of easements. If A has a right of way over B's land, this right is not the kind of property to be assessed; this appears to me to be the meaning of the several sections of the statute quoted above: map or diagram, lien on the real estate, sale of the real estate, etc. I cannot, therefore, agree with the conclusion of my brethren.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Judgment ordered for defendant on verdict with costs.